IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHERINE CANNON

     Petitioner,

v.                                             Case No. 5:22-cv-266/TKW/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA[1]

     Respondent.
     _____/

## REPORT AND RECOMMENDATION

Petitioner Katherine Cannon initiated this case by filing a petition for writ of habeas corpus under § 2241. ECF No. 1. She seeks seeking sentencing credits to which she believes she is entitled under the First Step Act (FSA), processing for placement on home confinement and a reduction in her sentence based on alleged sentencing disparity, although she reframes her claims in her reply. This case is before me on Respondent's Answer in Opposition, and Petitioner's Reply thereto. ECF Nos. 11, 15. For the reasons discussed herein, the undersigned concludes the petition should be dismissed for Petitioner's failure to exhaust her administrative

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). However, the Court has been advised that Warden Pistro, who was previously named as respondent has been replaced by Barry Wingfield. Pursuant to Fed.R.Civ.P. 25(d), Warden Wingfield is automatically substituted as a party in this action.

remedies and because the district court does not have authority to order the BOP to place her on home confinement.

    I.    Procedural History

On January 24, 2018, Cannon was sentenced in the Northern District of Alabama Case 7:17cr182/LSC/HNJ-8 to a term of 168 months' imprisonment after her conviction of possession with intent to distribute 50 grams or more of methamphetamine. ECF No. 11, Exh. 1.

In November of 2022, Cannon, who is incarcerated at the Federal Prison Camp in Marianna, Florida, filed a pro se habeas petition under 28 U.S.C. § 2241, raising three grounds for relief. ECF No. 1. First, she seeks an order directing the BOP to calculate and implement the First Step Act ("FSA") because she claims she has not received credits to which she believes she is entitled. *Id.* at 3. Second, she seeks an order compelling the BOP to process her to home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act). *Id*. Third, she seeks an order compelling a reduction in her sentence because she unfairly received the same sentence as a co-defendant who was designated a career criminal, when she is not. *Id.* at 4.

At the time she filed her petition, Petitioner's projected release date was January 10, 2029, but her projected release date is currently January 11, 2028. *See*

https://www.bop.gov/inmateloc/. Thus it appears her claim regarding FSA credits may be moot as the credits were awarded.[2] *See* 18 U.S.C. § 3624(g)(3) (If an inmate has a term of supervised released imposed as part of her sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632."); *see also* 28 C.F.R. § 523.44(d).

Respondent filed an answer in opposition, contending Petitioner failed to exhaust her administrative remedies as to Grounds One and Two, and additionally the court does not have jurisdiction to grant her request for court-ordered home confinement, and Ground Three is an unauthorized successive § 2255 motion. ECF No. 11.

In her reply, Petitioner slightly reframes her claims. She contends first, her FSA claim is not moot because she is entitled to more than the 365 days of FSA credit granted by the BOP. Second, she disputes the Warden's assertion that she has requested placement on home confinement and says she merely seeks an order compelling the BOP to process her under the CARES Act rather than direct

---

[2] The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation. *Id.*

placement on home confinement. Third, she clarifies she does not challenge her sentence per se, but rather wants the Court to compel the BOP to redesignate her to home confinement or release on probation because of the sentencing disparity.

II. **Discussion**

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009)

(affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an

extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The Regulations establish deadlines which the Warden, Regional Director, and General Counsel must adhere to in responding to inmate grievances. 28 C.F.R. § 542.18. Limited extensions are allowed. *Id*. If the inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level and proceed to the next level. *Id*. This ensures that a lack of response does not result in a complete denial of access to the

administrative remedy process or the courts.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 11-2 at ¶ 3. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 5. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection and an extension of time to correct the defect and resubmit the appeal. *Id.* (citing PS 1330.18 at 8 and 28 C.F.R. § 542.17(b)).

This case is subject to dismissal because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition, and no futility exception applies. Furthermore, as to Ground Two and Ground Three, even if Cannon had exhausted her administrative remedies, the Court does not have the authority to grant what is essentially a request that the BOP be ordered to designate her to home confinement.

### B. Petitioner has not exhausted her administrative remedies as to Grounds One and Two

In Ground One of her § 2241 petition, Petitioner seeks an order compelling

the BOP to calculate and implement the FSA according to law, and award her credits to which she claims she is due. *See* ECF No. 1 at 3, 7, 8.

The Respondent has submitted the declaration of Bridgitte Forward, Secretary to the Associate Warden at FCI Marianna. ECF No. 11-2. Ms. Forward states in her declaration that her review of the SENTRY administrative records reveals that of the seven administrative remedies Cannon has filed, only three relate to the calculation and application of federal time credits under the FSA: Remedy Nos. 1123475-F1, 1133823-F1, and 1133823-R1. *Id*. at ¶¶ 7, 8. Two remedies were filed at the institutional level, and Cannon appealed only one of those to the regional level. Ms. Forward states that Petitioner had not been provided a response to her regional appeal as of the date of Ms. Forward's declaration, February 1, 2023. *Id.* at ¶ 11. Petitioner could have construed the absence of a response to be a denial, but she did not appeal to the Central Office level. Therefore, she did not exhaust her administrative remedies as to her FSA credits.

Similarly, Ms. Forward avers that Cannon did not exhaust her administrative remedies with respect to her request to be processed under the CARES Act and placed on home confinement, raised in Ground Two of her petition. Ms. Forward states Cannon filed only two administrative remedies on this issue. ECF No. 11-2, ¶ 13. Petitioner filed Remedy Nos. 1142016-F1 and 1148439-F2, but she did not

appeal the denial of either remedy to the Regional and Central Office levels. *Id.* at ¶¶ 14-15.

Petitioner suggests in her reply that her failure to exhaust should be excused, stating:

> The administrative remedy process has been proven to be extremely ineffective. The BOP's blatant disregard concerning their responses to Administrative Remedies can be seen clearly in Respondent's attachment of Ms. Forward's Declaration wherein she states numerous times, "response has not been provided as of date of this declaration." It can also be said the BOP does not show respect for their own Administrative Remedy process by giving template answers that do not address the actual grievance nor do they provide a remedy. Furthermore, the BOP cannot make decisions concerning written law making it futile to try to settle these issues through administrative remedies. Denying Petitioner due to lack of exhaustion of remedies would be unjust.

ECF No. 15 at 4-5.

To the extent Petitioner asserts that attempts at exhaustion would be futile, her suggestion is not well taken. Regardless of what district courts in other circuits may have held, this Court has noted "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no

futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,*(*citing McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)); *cf. Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (holding, in case where exhaustion was jurisdictional, that petitioner's case was properly dismissed because he did not show his case involved extraordinary circumstances and explain why administrative review would prove futile); *Higginbottom v. Carter*, 223 F. 3d 1259, 1261 (11th Cir. 2000) (holding, in the context of the PLRA "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative remedies would be futile").

Furthermore, as noted above, the BOP's failure to respond does not prevent a petitioner from completing the remedy process. As set forth in the regulations, an inmate may consider the absence of a response to be a denial at that level and proceed to the next level without a response. 28 C.F.R. § 542.18.

The undersigned notes Petitioner's attempts to reframe her claims in her reply,

but such are unavailing. Cannon's claim that the BOP has not correctly calculated or applied the FSA credits in her case is also not exhausted. ECF No. 15 at 1-2. And, while she makes contradictory assertions that she "did not ask the Court to order the BOP to place her on Home Confinement" (*see id.* at 3) and she "is requesting the Court to compel the BOP to redesignate her to home confinement or release her on probation" (*id.* at 4), any claims regarding compassionate release or home confinement are likewise not exhausted. Regardless of how she frames her claims, Petitioner did not properly complete all levels of the BOP's administrative remedy process and therefore Grounds One and Two of her petition should be dismissed for failure to exhaust her administrative remedies.[3]

---

[3] While not dispositive to the resolution of Petitioner's claims, the undersigned would be remiss in not noting Respondent's repeated and vehement false statements that Cannon attempts, through the instant submission, to circumvent her sentencing court's denial of two compassionate release motions before she filed her § 2241 petition. ECF No. 11 at 26-27. In fact, as Petitioner pointed out in her reply, filed on May 25, 2023, no action had been taken on her compassionate release motions. ECF No. 15 at 5. No correction was filed. Furthermore, the chambers of the undersigned confirmed that as of January 3, 2024, Cannon's Motion for Compassionate Release and subsequent motions docketed as "addenda" to the compassionate release motion remain pending in N.D. Ala. Case. No. 7:17cr182-LSC-HNJ-8, ECF Nos. 213, 222, 242, 284. In the future, Respondent would do well to verify the accuracy of factual representations in his pleadings, particularly those which form the basis for such vigorous argument.

Relevant language from the Warden's response is as follows:
> Petition (Doc. 1) is a Blatant Attempt by Petitioner to Circumvent her Sentencing Court's Denials of TWO Compassionate Release Motions
>
> Cannon has unsuccessfully moved her sentencing court twice for a reduction in her sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i). United States v. Cannon, NDAL Case. No. 7:17-cr-182-LSC-HNJ; Docs. 213, 242). Each time her sentencing court denied Cannon's

### C. Sentencing Disparity based on § 3553 Factors

Petitioner's third ground for relief seeks to "compel court to reduce sentence based on disparity 3553(A) factors." ECF No. 1 at 4. In support of her claim, she maintains her co-defendant was a career criminal while she is not, but she "unjustly" received the same sentence. *Id.*

The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981); *United States v.*

---

compassionate release motions. She now attempts to circumnavigate two orders of her sentencing court as Ground Two in her § 2241 petition before this court. (Doc. 1 – p. 21).

Having the compassionate release door slammed in her face twice by her sentencing judge, the defendant continues to pursue that elusive goal by attempting to skin the compassionate release cat via a § 2241 petition arguing for court-ordered home confinement.

As was true of the defendant in Bridges v. Aliceville FCI/Camp Warden, 2021 WL 787148, *3 (N.D. Ala. Feb. 1, 2021), Cannon cannot obtain relief pursuant to § 2241 because her request is actually a motion for home confinement via "compassionate release," disguised as a petition under 28 U.S.C. § 2241. Having struck out twice with her sentencing court, she now asks the district court in her district of confinement to do what her sentencing court refused to do*;* to order BOP to process her for transfer to home confinement under the CARES Act.

Cannon should not be permitted to circumvent her sentencing court's rulings denying her § 3582 motions by filing a § 2241 petition in this Court. . . . However, Petitioner may not circumnavigate the District of Oregon's [sic] rejection of her § 3582 motion by filing a § 2241 petition in this Court.

ECF No. 11 at 26-27.

*Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2nd Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Antonelli*, 542 F.3d at 1351; *Jordan,* 915 F.2d at 629.

In her reply, Cannon attempts to reframe her claim, and she states she is not challenging her conviction. ECF No. 15 at 3-4. Rather, she asserts she is bringing the alleged sentencing disparity to light in support of her request the Court compel the BOP to redesignate her to home confinement or release her on probation. *Id.* at 4. To the extent the sentencing disparity thus merely forms part of her argument as to Ground Two of her petition, she has not exhausted this claim, as discussed above.

### D. The Court lacks Jurisdiction to Order Petitioner's Home Confinement

Even if Petitioner had exhausted her administrative remedies as to her request regarding home confinement, this Court does not have jurisdiction to order the relief she seeks.

The BOP's statutory authority to transfer prisoners to home confinement rests in 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541. The statute provides in

pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

The CARES Act provides that the BOP Director "may lengthen the maximum amount of time which the Director is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning" of the BOP. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), § 12003(b)(2). *Haymore v. Joseph*, 3:20cv5518-MCR/MAF, 2020 WL 6587279, at *6 (N.D. Fla. Sept. 21, 2020). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." *Id.* (quoting *United States v. Phillips*, No. 6:16cr198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020)).

However, even under the CARES Act, the case law is abundantly clear that "the BOP retains exclusive jurisdiction to decide whether to place a prisoner under extended home confinement." *Roberts v. Pistro,* 5:22cv129/TKW/MAL, 2022 WL

18108684 (N.D. Fla. Dec. 6, 2022)[4] (citing *United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement"); *see also Sills v. FCI Talladega Warden,* Case 22-12656, 2023 WL 1775725, at *3 (11th Cir. 2023) (affirming district court's conclusion that it lacked the authority to order a § 2241 petitioner's placement in home confinement) (citing *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021); *United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *Brown v. Attorney General*, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020) (same result in order on petition pursuant to § 2241); *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement"); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C.

---

[4] Report and recommendation adopted sub nom. *Roberts v. Piestro*, No. 5:22CV129-TKW-MAL, 2023 WL 35745 (N.D. Fla. Jan. 4, 2023).

§ 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.")); *accord Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021); *Tapia v. United States*, 564 U.S. 319, 331, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011)).

In sum, the CARES Act does not provide the Court the authority to grant Petitioner's request that the BOP be ordered to place her on home confinement, regardless of the reason for her request. *See United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. Aug. 9, 2022); *see also Sills; Houck;* and *Sanders; supra*. Therefore, this provides an additional basis for dismissal of Petitioner's claims regarding home confinement.

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**.

3. The clerk be directed to close the case file.

At Gainesville, Florida on January 3, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.